Jacob M. Salomon<br>
vs.　　　　No. 72861.<br>
National Coated Paper Corp.

April 1, 1931.

CAPOTOSTO, J. The plaintiff seeks to recover $5000 in an action for money had and received. The defendant denies liability and claims a net balance in set-off of $3098.25. The jury allowed both claims and returned a verdict for the plaintiff in the sum of $2308.06. This amount represents the difference between $5000 and $3098.25, or $1901.75, plus interest of $406.31. The defendant moves for a new trial upon the usual grounds.

A detailed examination of the testimony is inexpedient. It involves a review of bookkeeping with its explanations and interpretations; of corporate records, the regularity and accuracy of which were in issue; of financial transactions which were explained or attempted to be explained in different ways; of the conduct of directors, and of a contradictory sequence of affirmations, denials, excuses and what not. To do so would be to read the record into a rescript.

The real question for decision is whether or not the sum of $5000 which the plaintiff put into the corporation's funds in November, 1925, was a loan or a capital investment. The testimony on this issue is not only conflicting, but susceptible of interpretation reasonably leading to different conclusions. The defendant maintains that the transaction of November, 1925, was an out and out purchase of stock. The plaintiff contends that it was a loan. He claims that although the issue of stock in some form merely as collateral to the entire loan of $40,000, which included his $5000, was at first considered, yet this thought was definitely abandoned by all concerned, first, because of charter restrictions, and, second, because security by way of preferred notes was given to the principal contributor in this transaction.

As already stated, the plaintiff advanced the $5000 in November, 1925. A certificate marked "second preferred" stock was sent to the plaintiff on July 22, 1927, by which time fundamental changes in the management and affairs of the corporation had occurred. This certificate was immediately returned by the plaintiff. Four days after the certificate was sent to the plaintiff, that is, on July 26, 1927, a temporary receiver was appointed for the defendant corporation. The reason for not issuing the stock until within the shadow of a receivership remains in doubt and speculation.

Each side construed the evidence most favorably to itself. Neither is to be condemned, because in this case reasonable men might honestly reach different conclusions. Under such circumstances the jury had a right to put its own construction upon the testimony as presented to them. In deciding for the plaintiff, it undoubtedly considered the infirmities of the evidence on both sides. The failure to testify, either in person or through deposition, by two of the three directors as to reason for the delay in issuing the so-called "second preferred" stock was a fair subject of comment for the

plaintiff and probably carried weight with the jury. Why the directors, who had been in absolute control for months before the receivership, took no action before July 22, 1927, in reference to an issue of stock to the plaintiff remains unexplained. The mere forwarding of a worthless piece of paper, stamped "second preferred" stock, four days before the company went into the hands of a receiver does not appeal to the average man or square up with a sense of fair play. This conduct tended to strengthen the plaintiff's claim that the transaction in its inception was in reality a loan, with the thought that, if possible, the loan was to be protected by some issue of stock so worded as to clearly indicate the understanding of the parties, and, further, that any such thought was later abandoned by all parties then in interest.

Although the jury might have decided otherwise, the Court feels that it was warranted in reaching the conclusion which it did.

Motion for new trial denied.

For plaintiff: George J. West.

For defendant: Arthur A. Thomas.